1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

SHAMANE HERMAN,

9

Plaintiff,

10

v.

11

DWAYNE P. HERMAN,

12

Defendant.

CASE NO. C11-6004 BHS

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS AND
TRANSFER VENUE PURSUANT TO
28 U.S.C. §§ 1391(b), 1404(a), and
1406(a) AND TRANSFERRING CASE
PURSUANT TO 28 U.S.C. § 1406(a)

13

14       This matter comes before the Court on Defendant Dwayne Herman's ("Mr.

15  Herman) motion to dismiss and transfer venue (Dkt. 12). The Court has considered the

16  pleadings filed in support of and in opposition to the motion and the remainder of the file.

17  For the reasons stated herein, the Court denies the motion to dismiss the case and transfer

18  it pursuant to 28 U.S.C. §§1391(a), 1404(a), and 1406(a). The Court transfers this matter

19  pursuant to 28 U.S.C. §1406(a).

20                     **I.  PROCEDURAL HISTORY**

21       On December 12, 2011, Shamane Herman ("Ms. Herman") filed a complaint with

22  the Court against Mr. Herman, based on diversity jurisdiction.  Dkt. 1.  On January 3,

1    2012, Mr. Herman's attorney filed a notice of appearance.  Dkt. 5.  On April 9, 2012, Ms.

2    Herman filed a motion for default judgment based on Mr. Herman's failure to file an

3    answer to her complaint.  Dkt. 7.  On April 12, 2012, the parties submitted a joint status

4    report.  Dkt. 9.  On April 17, 2012, the Court issued an order terminating Ms. Herman's

5    motion for default judgment, pursuant to Mr. Herman's appearance and the joint status

6    report. Dkt. 10.  The Court subsequently renoted the motion for default judgment to April

7    27, 2012.  Dkt. 11.  On April 19, 2012, Mr. Herman filed the instant motion to dismiss

8    the case based on improper venue, and to transfer venue.  Dkt. 12.  On April 24, 2012,

9    Mr. Herman filed an answer to Ms. Herman's complaint.  Dkt. 14.  On April 26, 2012,

10   Ms. Herman withdrew her motion for default judgment.  Dkt. 16.  On April 30, 2012, Ms.

11   Herman filed a response in opposition to Mr. Herman's motion to dismiss and transfer

12   the case.  Dkt. 17.  On May 3, 2012, Mr. Herman replied to Ms. Herman's response.

13                              **II. FACTUAL BACKGROUND**

14        This case arises out of an automobile/pedestrian accident that occurred on or about

15   February 1, 2012 in Palm Springs, California.  Dkt. 1 at 2.  Palm Springs is located in

16   Riverside County (Dkt. 13 at 2, Decl. of Mr. Herman), where the U.S. District Court for

17   the Central District of California, Eastern Division, lies.  28 U.S.C. § 85(c)(1).

18        Ms. Herman is domiciled in and a citizen of the state of Washington residing in

19   Pierce County.  Dkt. 1 at 1.  Mr. Herman owns homes in California, Colorado and

20   Oregon, and spends a substantial amount of time in his Indio, California home.  Dkt. 13

21   at 2.

22

1    On or about February 1, 2012, near Mr. Herman's birthday, his children, including

2    Ms. Herman, came to visit him in California.  *Id*.  On or about that same day, Ms.

3    Herman was riding as a passenger in a vehicle that Mr. Herman was driving. Dkt. 1 at 2.

4    Ms. Herman alleges that "the vehicle was stopped in traffic when [she] attempted to exit

5    the vehicle to take a phone call." Dkt. 1 at 2.   She further alleges that Mr. Herman

6    "moved the vehicle forward before [she] was safely away from the vehicle and in doing

7    so caused the vehicle's left rear tire to roll over [her] foot."  *Id*.  She alleges that Mr.

8    Herman's conduct constituted negligence which resulted in damages of not less than

9    $750,000, with the exact amount to be determined at trial.  *Id*.

10                              **III.  DISCUSSION**

11    Mr. Herman argues that this case should be dismissed for improper venue pursuant

12    to 28 U.S.C. § 1391(b) and transferred to a new venue pursuant to 28 U.S.C. §§ 1404(a)

13    and 1406(a).  He maintains that venue is proper in the U.S. District Court for the Central

14    District of California, Eastern Division.  Ms. Herman opposes Mr. Herman's motion,

15    arguing that it is untimely and that he waived his right to the defense of improper venue

16    by his conduct.  Alternatively, she argues that if the Court determines the motion is

17    timely and proper, it should transfer her case pursuant to 28 U.S.C. § 1406(a), rather than

18    dismiss and transfer it pursuant to 28 U.S.C. §§1391(b), 1404(a), and 1406(a).  Ms.

19    Herman contends the interests of justice demand a §1406(a) transfer because otherwise

20    she would be required to re-file in California, where the statute of limitations in this

21    personal injury action will have run, thus barring her suit.

22

1  As the following analysis reflects, the Court finds that venue in this Court is

2  improper; that Mr. Herman's motion is timely; and that his conduct does not constitute

3  waiver of the improper venue defense.  However, the Court will not dismiss the case for

4  improper venue.  Rather, in the interests of justice, the Court transfers the matter to the

5  Central District of California, Eastern Division, pursuant to 28 U.S.C. §1406(a).

6  **A.    Timeliness of Motion under Federal Rule of Civil Procedure (FRCP) 12(b)(3) and Waiver**

7  **1.    Timeliness under FRCP 12(b)(3)**

8  A defendant may raise a Rule 12(b)(3) motion to dismiss for improper venue in its

9  first responsive pleading or by a separate pre-answer motion.  FRCP 12(b)(3).  Once the

10  defendant challenges venue, the plaintiff bears the burden of establishing that venue is

11  proper.  *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir.

12  1979).

13  Mr. Herman did not respond to Ms. Herman's motion for default judgment before

14  she withdrew it on April 27, 2012.  Therefore, Mr. Herman filed no responsive pleading

15  and thus did not run afoul of 12(b)(3) on that ground.  Additionally, Mr. Herman filed his

16  motion to dismiss and transfer venue on April 19, 2012, before he filed his answer on

17  April 27, 2012.  Mr. Herman has also complied with the express language of 12(b)(3) by

18  filing his motion before filing his answer or a responsive pleading.

19  Despite Mr. Herman's compliance with the express language of 12(b)(3), Ms.

20  Herman argues that Mr. Herman's delay in filing his answer until after a responsive

21  pleading was due waived his ability to "interpose a motion for change of venue."  Dkt. 17

22

at 1. She contends that *Costlow v. Weeks*, 790 F.2d 186 (9th Cir. 1986), supports her position. In that case, Ms. Herman contends that the plaintiff filed the diversity question action on April 24, 1985. Dkt. 17 at 2. On May 13, 1985, the district court issued an order requiring the plaintiff to show cause why the case should not be dismissed for improper venue. *Id*. She claims that the "Court of appeals [in *Costlow*] dispensed with the argument that the defense had waived the venue objection because no responsive pleading had been filed *and because the time to do so had not expired*, [and found] there had been no waiver." *Id*.

However, as Mr. Herman points out, Ms. Herman relies on dicta in *Costlow* as the *only* support for her argument. Dkt. 18 at 2. The issues in *Costlow* involved whether or not the court, of its own motion, could dismiss a matter for defective venue, and if its dismissal of that action was an abuse of discretion. 790 F.2d at 1487. In that case, the Ninth Circuit held that the court had the authority to waive jurisdiction on its own motion and did not abuse its discretion in dismissing the case pursuant to 28 U.S.C. §1406(a), rather than transferring it to another venue. *See id*. at 1488. The central holdings of *Costlow* do not support Ms. Herman's position. The Court finds Mr. Herman complied with the express language of 12(b)(3) and Ninth Circuit precedent interpreting that rule. *See Aetna Life Ins. Co. v. Alla Medical Services Inc.*, 855 F.2d 1470 (9th Cir. 1988) (defendant filed 12(b) motion after time responsive pleading due but before answer filed; court determined circuit allows a motion under rule 12(b) any time before a responsive pleading is filed).

1

**2.      Waiver under FRCP 12(h) or by Conduct**

2

FRCP 12(h) states:

3

> (h) WAIVING AND PRESERVING CERTAIN DEFENSES.
>     (1)   When Some Are Waived.  A party waives any

4

defense listed in Rule 12(b)(2)-(5) by:
>             (A) omitting it from a motion in the circumstances
described in  Rule  12(g)(2); or

5

>             (B) failing to either:
>                     (i)   make it by motion under this rule; or

6

>                     (ii)  include it in a responsive pleading or in an

7

amendment allowed by Rule 15(a)(l)  as a matter of course.

8

Ms. Herman argues that Mr. Herman has waived the improper venue defense by

9

his conduct.  Although Ms. Herman does not make the argument explicit or cite any legal

10

precedent for support, she implicitly maintains that Mr. Herman's commencement of

11

discovery, participation in the joint status conference as well as initial disclosures

12

manifests his consent to venue.  Dkt. 17 at 1-2.

13

In response to Ms. Herman's waiver argument, Mr. Herman, in part, cites FRCP

14

12(h) and argues that under the express language of that rule, Mr. Herman has not waived

15

his right to assert the venue defense.  Dkt. 18 at 4-5.  Under FRCP 12(h), he maintains

16

that the "circumstances by which a party may challenge are very specific," and Ms.

17

Herman's bases for challenging his motion are not among the categories enumerated in

18

FRCP 12(h). *See id*.

19

While the Court agrees that Mr. Herman has complied with the explicit language

20

of  FRCP 12(h), Ninth Circuit precedent indicates that the circumstances outlined in

21

12(h) are not the only bases on which a party may waive defenses listed in 12(b)(2)-(5).

22

While "[or]dinarily, one preserves a defense by timely raising it," "[m]ost defenses,

1  including the defense of lack of personal jurisdiction, may be waived as a result of the

2  course of conduct pursued by a party during litigation." *Peterson v. Highland Music,*

3  *Inc.,* 140 F.3d 1313, 1318 (9th Cir. 1998) (collecting cases from various circuits

4  regarding waiver by conduct).

5      In *Peterson*, the defendants filed a motion to dismiss for lack of personal

6  jurisdiction at the outset of the proceedings. *Id.* at 1317.  The district court denied that

7  motion.  *Id.*  Defendants then failed to contest the issue any further before the district

8  court. *Id.*  In their answer, they stated lack of personal jurisdiction as an affirmative

9  defense. *Id.* However, they did not include it in any motion for summary judgment, nor

10 request dismissal for lack of personal jurisdiction at the close of the plaintiffs' case, nor

11 did they request post-trial dismissal on the grounds of personal jurisdiction based on

12 plaintiffs' failure to carry their burden of proving personal jurisdiction. *Id.*  Yet, on

13 appeal the defendants argued that the court's judgment be vacated because the record

14 below was "insufficient to support a finding, by preponderance of the evidence, that

15 defendants were subject to personal jurisdiction by the courts of California."  *Id.*

16 Ultimately, the court determined that "in the absence of other factors militating in favor

17 of finding a waiver," it found that the minimum requirements of FRCP 12 were satisfied

18 when the defendant raises the issue of personal jurisdiction in a timely motion to

19 dismiss." *Id.*

20     However, in *Peterson*, the court also noted that there may be circumstances under

21 which the Ninth Circuit would rule differently.  Specifically, the court noted that had the

22 defendant engaged in "sandbagging"

1    by raising the issue of personal jurisdiction on a motion to dismiss
2    deliberately refraining from pursuing it any further when his motion was
     denied in hopes of receiving a favorable disposition on the merits, and the
3    raising the issue again on appeal only if he were unhappy with the district
     court's ultimate decision, then we would not hesitate to find that the
4    defendant had waived any right to pursue the defense. *Id*. (*citing Yeldell v. Tutt*, 913 F.3d 533, 539).

5    The *Peterson* court found that the plaintiffs had "not argued or even suggested" that the

6    defendant "engaged in such deliberate, strategic behavior, nor did the district court make

7    any such finding." *Id*.

8        In contrast to the plaintiffs in *Peterson*, Ms. Herman does suggest that Mr. Herman

9    engaged in strategic behavior potentially designed to bar her from successfully pursuing

10   her suit in California.  Indeed, as Ms. Herman implicitly argues, Mr. Herman's four-

11   month delay in answering the complaint and his participation in litigation up to the point

12   where California's statute of limitations for personal injury actions (California Civ. Code

13   §335.1 – 2 years) had passed, could be perceived a strategic conduct designed to prevail

14   on a procedural error.  Dkt. 17 at 2-5.  Indeed, she argues that Mr. Herman's motion for

15   dismissal pursuant to 28 U.S.C. §1391(b) and transfer of the case pursuant to §1404(a)

16   would require Ms. Herman to refile in the proper district facing a statute of limitations

17   that would bar her suit.  *Id*. 3-4.  On the last point, it appears Ms. Herman is correct.

18       Nonetheless, the Court cannot conclude that Mr. Herman's conduct has waived his

19   right to assert improper venue.  First, the Court finds Mr. Herman's actions complied

20   with the express language of FRCP 12(h).  Second, the Court cannot find that Mr.

21   Herman's actions do not constitute "sandbagging" as *Peterson* articulates it, and other

22   factors do not sufficiently militate in favor of finding waiver by conduct.  Third, Ms.

1   Herman did not support her argument regarding waiver by conduct with any Ninth

2   Circuit precedent to demonstrate that the Court should rule differently.

3        The Court finds that Mr. Herman's motion was timely, and his conduct has not

4   waived his right to assert the defense of improper venue.

5   **B.     Venue is Improper Under 28 U.S.C. §1391(b)**

6        In a civil action such as this one, venue is proper only in (1) a judicial district

7   where any defendant resides, if all defendants reside in the same state; (2) a judicial

8   district in which a substantial part of the events or omissions giving rise to the claim

9   occurred, or a substantial part of property that is the subject of the action is situated; or

10  (3) a judicial district in which any defendant may be found, if there is no district in which

11  the action may otherwise be brought.  28 U.S.C. § 1391(b).  The instant matter implicates

12  only 28 U.S.C. § 1391(b)(1) and (2).

13       In this case, Ms. Herman does not present a substantive challenge to whether

14  venue is proper under 28 U.S.C. § 1391(b).  Rather, as discussed above, her opposition to

15  the motion focuses on the timeliness of Mr. Herman's motion and waiver by conduct.

16  Yet, "once the defendant challenges venue, the plaintiff bears the burden of establishing

17  that venue is proper."  *Piedmont Label Co.,* 598 F.2d 491, 496 (9th Cir. 1979).  Ms.

18  Herman has not even attempted to show that under § 1391 venue is proper in this district.

19  Without opposition from Ms. Herman, the Court finds this portion of Mr. Herman's

20  motion unopposed.  Accordingly, pursuant to 28 U.S.C. § 1391(b), the Court finds venue

21  in the Western District of Washington improper.

22

1    **C.    Transfer Pursuant to 28 U.S.C. §1406(a)**

2    28 U.S.C. § 1406, cure or waiver of defects, reads in relevant part as follows:

3    (a) district court of a district in which is filed a case laying venue in
     the wrong division or district shall dismiss, or if it be in the interest of
4    justice, transfer such case to any district or division in which it could have
     been brought.[1]

5

     Given the facts of this case, the action for personal injury could have been brought
6
     in the Central District for California, Eastern Division. As Mr. Herman argues:
7
8            Defendant, as the moving party, carries the burden of showing
     that transfer to the Central District of California, Eastern Division is
     appropriate. *Commodity Futures Trading Comm'n* v. *Savage,* 611 F.2d
9    270, 279 (9th Cir. 1979); *DeFazio v. Hollister Employee Share Ownership
     Trust,* 406 F.Supp.2d 1085, 1088 (E.D. Ca1. 2005).  A party moving for a
10   motion to transfer must first show that the transferee district, in this case,
     the Central District of California, Eastern Division, possesses both subject
11   matter and personal jurisdiction over the parties and is a proper venue.
     *Viper Networks, Inc. v. Rates Technology, Inc.,* 2009 WL4261167; 2 [sic]
12   (S.D. Cal. Nov. 23, 2009) (*citing Hoffman* v. *Blaski,* 363 U.S. 335, 344
     (1960)).
13           The preliminary threshold is met. The Central District of California
     has personal jurisdiction over the parties as Defendant resides in California
14   and, therefore, avails himself to California's courts. *See* 28 U.S.C.
     §1391(b)(1).  Though Plaintiff, per her Complaint, is domiciled and is a
15   resident of the State of Washington, she admittedly visits Defendant in
     California.  In so doing, Plaintiff purposefully avails herself to California
16   courts.
             The Central District also has subject matter jurisdiction over this
17   lawsuit.  The accident giving rise to this claim occurred in Palm Springs,

18
         [1] The current § 1406(a) implies that dismissal is the default remedy for a defect in venue,
19   and that transfer is reserved for more-or-less exceptional circumstances.  19A Charles Wright, et
     al., Fed. Prac. & Proc. Juris. App. Fed. Jud. Code Revision 28 U.S.C. § 1406 (2d Ed. 2012). The
20   presumption in practice is quite to the contrary, and it will ordinarily be an abuse of discretion to
     dismiss if an eligible transferee forum is available.  *Id.* (citation omitted). This reflects the
21   language and spirit of former § 1406(a) as originally enacted, which provided flatly for transfer
     alone.  *Id.*  As amended in 1949, the current § 1406(a)'s alternative remedy of dismissal instead
22   of transfer was intended to prevent rewarding sharp practice in one narrow circumstance.  *Id.*

1    California, with Plaintiff alleging what amounts to a standard negligence
2    claim. The laws of the State of California govern the accident and are
     what should be litigated. There are no Washington State specific claims,
     nor does Plaintiff make any allegations against Defendant that would
3    otherwise implicate Washington law. *See* 28 U.S.C. §1400(b); *see also* 15
     U.S.C. 1121. As such, it cannot be disputed that this lawsuit could have
4    been brought in California.

5          In sum, the Central District has both personal and subject matter
     jurisdiction over this lawsuit.

6    Dkt. 12 at 6-7.

7          Ms. Herman fails entirely to address whether the Central District of California,

8    Eastern Division, has both personal and subject matter jurisdiction over this suit.

9    Therefore, the Court views the above-quoted portion of Mr. Herman's motion as

10   unopposed.

11         Additionally, unlike Mr. Herman, Ms. Herman does not address whether venue in

12   the Central District of California, Eastern Division, is proper.  Mr. Herman, as defendant,

13   bears the burden of showing that transfer to that court is appropriate. *Commodity Futures*

14   *Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).  In a significant portion of

15   his motion, he argues that the proposed transfer to the aforementioned venue is proper.

16   Dkt. 12 at 6-10.  Again, Ms. Herman fails to oppose his arguments.  Based on the record

17   before it, the Court finds that Mr. Herman has met his burden, and this action could have

18   been brought in the Central District of California, Eastern Division.

19         Although Ms. Herman does oppose Mr. Herman's motion to dismiss for improper

20   venue, she argues that, if the Court finds venue improper in Washington, it should

21   transfer the case pursuant to 28 U.S.C. §1406(a).  Dkt. 17 at 2-4.  She contends that if this

22   action is dismissed pursuant to 28 U.S.C. 1391(b) and transferred pursuant to § 1404(a),

1   she will have to refile in California and will be barred from pursuing her claim by the

2   statute of limitations.  *Id.*

3      Mr. Herman requests that this case be dismissed for improper venue pursuant to 28

4   U.S.C. §1391(b) and be transferred to the District Court for the Eastern District of

5   California pursuant to 28 U.S.C. §§1404(a) and 1406(a).   Dkt. 18 at 6.

6      A transfer pursuant to 28 U.S.C. §1404(a), as noted above, does not require

7   dismissal if venue is found improper and a transfer would serve the interests of justice.

8   Accordingly, the Court deems that the interests of justice support transfer pursuant to 28

9   U.S.C. §1406(a), so Ms. Herman can pursue her suit in California.  Therefore, the case

10  will be transferred to the Central District of California, Eastern Division.

## IV.  ORDER

12      Therefore, it is hereby **ORDERED** that:

13  1.      Mr. Herman's motion to dismiss for improper venue pursuant to 28 U.S.C.

14          § 1391(b) and transfer the case pursuant to 28 U.S.C. §§ 1404(a) and

15          1406(a)  (Dkt.12) is **DENIED**.

16  2.      This case is transferred to the Central District of California, Eastern

17          Division, pursuant to § 28 U.S.C. 1406(a).

18
19      Dated this 15th day of June, 2012.

20

21      BENJAMIN H. SETTLE
        United States District Judge

22